Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 12-cv-998 | DATE | 8/16/12 |
| CASE TITLE | Williams v. WLS TV | | |

**DOCKET ENTRY TEXT**

Defendant's Motion to Dismiss [8] is granted without prejudice. Plaintiff may file an amended complaint within 30 days of the date of this order. This is a firm deadline, and the failure to do so will result in dismissal of this case with prejudice.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Nathaniel Williams filed a *pro se* Complaint against WLS Television ("WLS") (erroneously named as "Television Station: WLS TV"). Plaintiff appears *pro se* and has not moved for appointment of counsel. WLS has filed the instant Motion to Dismiss. Plaintiff filed a document in response, although the purpose of the document is unclear. (Dkt. No. 13.) The first page of the document is a copy of the first page of Plaintiff's Complaint with an added handwritten statement that reads, "Neither contracted document was signed by a Judge." The next three pages are incoherent. Then, Plaintiff attaches an Audiological Report and a Report of Otological Findings from Rush University Medical Center and his birth certificate. Plaintiff fails to respond to WLS's arguments supporting dismissal.

This is the second time Plaintiff has filed a *pro se* complaint against WLS. Plaintiff filed an action in this Court in 2006 against WLS and other television stations. *Williams v. WGN Continental Broadcasting Company, et al.*, No. 06 C 4182 (N.D. Ill.) This Court granted defendants' motion to dismiss and gave Plaintiff leave to file an amended complaint. Plaintiff's court-appointed lawyer was given leave to withdraw because he represented that he could not file an amended complaint consistent with Federal Rule of Civil Procedure Rule 11. Subsequently, Plaintiff failed to file an amended complaint by the Court's deadline, and the case was dismissed. In his instant Complaint, Plaintiff alleges the following (all typographical errors are in the original):

> Assigned a police endepfamation contract to invade Mr. Nathaniel Williams privacy for five years. So WLS.TV. Station assigned the same endepfamation contract with the Chicago, Police department at 3510.S.Michigan Avenue Chicago illinois 60601 with police radio, and media audio and vidio devices in beded inside Mr. N.W. Television set. § 250.4 Motion To, Amend Amendment. Bring Cause of Action Place of Action. All three party assigned endepfamation contracts with the Land Lord and owner of the Holsten Management Houseing Corporation, at 13750.S.Lowe Avenue Apartment 1 Motives Invasion of

Page 1 of 2

> privacy. To put Surveillance video camaras in the Apartment. To keep watch and Trespass. With supervision of apprehenion and interfear with Nathaniel Williams individual Liberties by useing police Radio Announcement to the public, on the out, and inside the apartment injurying me Williams Reputation with. Slander and Libel by police Radio. The WLS TV.station is in violation of "malpractice" of violateing The Fourth Amendment Bill of Rights, 'the right of privacy." And of a professional duty to Act with Reasonable Care, and Good Faith without Fraud or collusion of damages of Reputation of malpractice[.]
> [Exhibit A.

The Complaint then seeks $10 million from WLS "for malpractice."

    Plaintiff's Complaint must be dismissed because Plaintiff fails to meet his burden of establishing the elements of federal jurisdiction. *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 679 (7th Cir. 2006) ("In general, of course, the party invoking federal jurisdiction bears the burden of demonstrating its existence."). Plaintiff's Complaint fails to specify any cognizable grounds for federal jurisdiction. Plaintiff's Complaint contains no allegations to support federal jurisdiction under 28 U.S.C. § 1331. *See Wis. Interscholastic Ath. Ass'n v. Gannett Co.*, 658 F.3d 614, 619 (7th Cir. 2011) ("The federal question must be part of the plaintiff's well-pleaded complaint."). Furthermore, Plaintiff's incoherent reference to the Fourth Amendment in his Complaint does not support federal jurisdiction. *See United Phoshorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 950 (7th Cir. 2003) ("A suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes . . . where such a claim is wholly insubstantial and frivolous." Nor does Plaintiff's Complaint specify any grounds for diversity jurisdiction pursuant to 28 U.S.C. 1332(a)(1).

    Accordingly, Plaintiff's Complaint is dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). Plaintiff may file an amended complaint within 30 days of the date of this Order, if he can do so consistent with Federal Rule of Civil Procedure 11. This a firm deadline, and failure to file an amended complaint will result in dismissal of this case with prejudice.